UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLEOTHRUS MEADOWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-2085-JAR |
| ) | |
| PINNACLE ENTERTAINMENT, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Cleothrus Meadows for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay the filing fee, and therefore, the motion will be granted. Furthermore, for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an

arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff seeks monetary relief in this action against Pinnacle Entertainment, Inc. Plaintiff alleges that he was gambling at Lumiere Place on December 17, 2012, when a security guard "[took] him to the back" and told plaintiff he "wasn't playing enough money." Plaintiff complains that his picture was taken without his consent and that he was told "[his] kind wasn't welcome here." Plaintiff states that this embarrassed him and made him feel uncomfortable. He asks this Court to charge defendant with discrimination.

**Discussion**

At the outset, the Court notes that plaintiff has failed to state the specific jurisdictional grounds for filing this action in federal court.[1] To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, given that plaintiff has failed to assert diversity of citizenship and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Moreover, plaintiff does not claim, nor does is it appear based on the facts set forth in the complaint, that the instant action arises under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.[2] Last, plaintiff does not allege, nor does it appear, that defendant is a state actor, and thus, there can be no cause of action under 42 U.S.C. § 1983.

In accordance with the foregoing,

---

[1] On page 1 of the complaint [Doc. #1], plaintiff states that his ground filing this case in Federal Court is "Discrimination."

[2] Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth).

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks subject matter jurisdiction over this action. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of January, 2014.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**